UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KERRY LYNN ROSELL, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>HIGH DESERT STATE PRISON WARDEN SPEARMAN,<br><br>    Respondent. | No. CV 17-477-DDP (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS SUCCESSIVE AND/OR AS BARRED BY THE STATUTE OF LIMITATIONS** |

    Kerry Lynn Rosell, Jr. ("petitioner") initiated this action on January 20, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his January 27, 2012, conviction in the Los Angeles County Superior Court, case number YA078491, for five counts of second degree robbery (Cal. Penal Code § 211), and one count of attempting to dissuade a witness (Cal. Penal Code § 136.1(a)(2)). (Pet. at 2). Petitioner was sentenced to a total state prison term of 210 years to life. (Pet. at 2, 5).

    The Court observes that on November 7, 2014, petitioner filed an earlier habeas petition in this Court, case number CV 14-8669-DDP (PLA) ("CV 14-8669"), also challenging his 2012 conviction ("2014 Petition"). The 2014 Petition was dismissed on the merits with prejudice, pursuant to the Judgment entered on February 9, 2016. (Case No. CV 14-8669, ECF No. 19).

Petitioner's request for a certificate of appealability was denied by the District Judge on that same date. (Case No. CV 14-8669, ECF No. 20). Petitioner did not timely file a Notice of Appeal, and on October 7, 2016, he filed a letter with the Court, which the Court construed as petitioner's motion to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. (Case No. CV 14-8669, ECF Nos. 22, 24). On November 18, 2016, the District Judge denied petitioner's motion to reopen the time to file an appeal. (Case No. CV 14-8669, ECF No. 24).

**A.    SECOND OR SUCCESSIVE PETITIONS**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2014 Petition, petitioner raised the following grounds for relief: (1) ineffective assistance of counsel during sentencing; and (2) the jury instructions describing the offense of attempted witness dissuasion were erroneous, and the evidence was insufficient to prove an attempt. (Case No. CV 14-8669, ECF No. 15 at 4). In the instant Petition, petitioner raises the

following grounds for relief: (1) "New rule of law -- Eighth Amendment cruel and unusual punishment -- illegal sentence"; and (2) ineffective assistance of counsel based on newly discovered evidence regarding petitioner's mental health testing and/or failure to provide a mental health examination on petitioner's behalf. (Pet. at 5-6).

Although petitioner labels his first ground for relief as a "New rule of law," he does not provide the Court with any evidence that his claim relies on a *new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable*. Similarly, although he claims that his second ground for relief is based on "newly discovered evidence," seemingly related to his mental health at the time of trial or sentencing, it appears to the Court that the factual predicate for this claim, as well as for his first claim, could have previously been discovered through the exercise of due diligence; indeed, in his 2014 Petition he claimed that sentencing counsel rendered ineffective assistance for failing "to mention or elaborate upon the mitigating facts that [petitioner's] prior convictions rested on juvenile conduct and that [petitioner] had been diagnosed and treated for bipolar disorder." (Case No. CV 14-8669, ECF No. 15 at 7 (internal quotation marks omitted)). Thus, the Petition is successive. However, even if the instant claims satisfied the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) (and it does not appear that petitioner has satisfied any of those provisions), petitioner nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). There is no indication that petitioner has obtained such permission from the Ninth Circuit. It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, it appears that dismissal of the Petition as successive is appropriate.

**B.    STATUTE OF LIMITATIONS**

The instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, petitioner was convicted on January 27, 2012. (Pet. at 2). His conviction became final on July 23, 2014, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. (See Case No. CV 14-8669, ECF No. 15 at 2 (noting that petitioner's petition for review to the California Supreme Court was denied on April 23, 2014[2]). Petitioner constructively filed the instant Petition on December 26, 2016. (Pet. at 11). On its face, therefore, it appears that the instant Petition is barred by the statute of limitations.[3]

**C.    CONCLUSION**

Based on the foregoing, petitioner is **ordered to show cause** (1) why the instant Petition should not be dismissed as successive; and (2) why the instant Petition should not be dismissed as time barred.

Specifically, **no later than February 28, 2017**, petitioner must submit to the Court the following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed

---

[1]   Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

[2]   Although petitioner represents that the petition for review was denied on April 23, 20*16* (see Pet. at 3), it is clear from the documents submitted in Case No. CV 14-8669, that it was denied on April 23, 20*14*.

[3]   The filing of a federal petition does not toll AEDPA's statute of limitations. See Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). Thus, the running of the statute of limitations did not stop based on petitioner's filing of his 2014 Petition in this Court. Neither does the filing of state habeas petitions after expiration of the limitation period serve to toll, or reinitiate, the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed").

a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the Petition should not be dismissed as time barred. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

**Failure to respond by February 28, 2017, will result in the instant Petition being summarily dismissed with prejudice as successive and/or as barred by the statute of limitations.**[4]

DATED: January 24, 2017

                                          PAUL L. ABRAMS
                            UNITED STATES MAGISTRATE JUDGE

---

[4] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.